UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SAESEE, | Case No.: 1:14-cv-01287-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 13) |
| v. | |
| F. FOULK, | |
| Respondent. | |

The Court dismissed the petition as successive. (Doc. 10). In response, Petitioner filed this motion for reconsideration, contending that the petition is not successive because the earlier petition challenged his conviction while this petition challenges his sentence. (Doc. 13).

### DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to address the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of newly discovered evidence or fraud; he has not established that the judgment is void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

To the contrary, Petitioner argues only that a petition is not successive if an earlier petition challenges the conviction while the later conviction challenges the sentence. This is clearly incorrect. If Petitioner were correct, then multiple, piece-meal petitions could be filed based upon a single state criminal prosecution. The rule prohibiting successive petitions, however, was enacted precisely to prevent such piece-meal litigation. The Court is not aware of, and Petitioner does not cite, any federal authority for the proposition that a sentence challenge avoids the bar on successive petitions when the prior petition challenged only the conviction.

In sum, Petitioner provides no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

///
///
///
///
///

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 13), is DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2015**                              /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE