**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ROGER SAESEE,

Petitioner,

v.

F. FOULK,

Respondent.

Case No.: 1:14-cv-01287-JLT

ORDER DENYING REQUEST FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

(Doc. 16)

On August 27, 2014, the Magistrate Judge dismissed the petition as successive and decline to issue a certificate of appealability. (Doc. 10). On October 6, 2014, Petitioner filed a motion for reconsideration, contending that the petition was not successive because the earlier petition challenged his conviction while this petition challenged his sentence. (Doc. 13). On May 22, 2015, the Court denied the motion for reconsideration. (Doc. 14).

On June 17, 2015, Petitioner filed his motion for issuance of a certificate of appealability from the denial of the Rule 60 motion. (Doc. 16). Petitioner subsequently filed his notice of appeal. (Doc. 17). On June 17, 2015, the Ninth Circuit remanded the matter for that this Court rule on the issuance of a certificate of appealability. (Doc. 18).

**DISCUSSION**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v.

Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition,[1] the court may only issue a certificate of appealability when the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Specifically, the analysis and reasons set forth in the Court's order denying the motion for reconsideration are valid and require denial of same. Petitioner's motion contained no cognizable grounds for granting reconsideration under Rule 60(b). Once again, Petitioner's argument that the

[1] Because the Court of Appeals is requiring this Court to consider the request for a certificate of appealability from the motion for reconsideration of the order denying the petition and declining to issue a certificate of appealability, the Court applies the same standard as in the original decision to decline the certificate.

petition is not successive merely because he challenges an issue he failed to challenge in the prior action, is contrary to the law. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to reconsideration debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion issuance of a certificate of appealability (Doc. 16), is DENIED.

IT IS SO ORDERED.

Dated: **June 24, 2015**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE